UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CELLMARK USA, LLC and<br>ANMAR INTERNATIONAL LTD., | : <br> : <br> : | Civil Action No.: 3:18-cv-00551-JCH |
| Plaintiffs,<br>v. | : <br> : <br> : <br> : | |
| ALAN POLLARD,<br>Defendant. | : <br> : <br> : | April 6, 2018 |

### PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE
### SEEKING TEMPORARY RESTRAINTS AND PRELIMINARY INJUNCTION

CellMark USA, LLC ("CellMark") and AnMar International, Ltd. ("AnMar"), together "Company", hereby move for an Order to Show Cause seeking Temporary Restraints and a Preliminary Injunction against Defendant Alan Pollard ("Pollard"), pursuant to Fed. R. Civ. P. 65.

The Company has brought this action against Pollard because he has, among other things, misappropriated the Company's confidential and proprietary information and/or trade secrets ("Protected Company Information"), refused to return the Protected Company Information, and failed to fulfill the 60-day notice period for which his Employment Agreement provides after he resigned without cause. Over the past 5 to 6 weeks, the Company has repeatedly endeavored, but failed, to secure return of its Protected Company Information and persuade Pollard to refrain from separating from employment until his notice period concludes on April 20, 2018. Pollard's conduct violates his Employment Agreement and certain common law duties. Pollard's precipitous and premature separation from the Company with thousands of pages of Protected Company Information in his possession, custody, or control necessitates issuance of temporary restraints and preliminary injunctive relief in order to prevent Pollard from disclosing or

**ORAL ARGUMENT IS REQUESTED**

exploiting this sensitive business information in competition with the Company when he has not yet exhausted the notice period under his Employment Agreement and remains an employee of the Company.

For all of the foregoing reasons, and as set forth in the Verified Complaint, the Affidavit of Hugo Galletta, and the Memorandum of Law that accompanies this motion, the Company requests that the Court grant this motion and that it issue an Order to Show Cause in the form attached as Exhibit A hereto.

Respectfully submitted,

PLAINTIFFS CELLMARK USA, LLC and
ANMAR INTERNATIONAL, LTD.

*/s/ Stephen P. Rosenberg*
Stephen P. Rosenberg (CT26601)
Littler Mendelson, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT 06510
Telephone: 203-974-8700
Facsimile: 203-974-8799
sprosenberg@littler.com

Jedd Mendelson
*Pro Hac Vice Application Pending*
Littler Mendelson, P.C.
One Newark Center, 8th Floor
Newark, NJ 07102
Telephone: 973-848-4700
Facsimile: 973-643-5626
jmendelson@littler.com

Their Attorneys

# Exhibit A

# Proposed Order to Show Cause With Temporary Restraints

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CELLMARK USA, LLC and<br>ANMAR INTERNATIONAL LTD.,<br>    Plaintiffs,<br>  v.<br>ALAN POLLARD,<br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   Civil Action No.: 3:18-cv-00551-JCH |

### ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINTS

This matter having come before the Court on the application of Littler Mendelson, P.C., attorneys for Plaintiffs CellMark USA, LLC and AnMar International Ltd. (together "Company"), on notice to Defendant Alan Pollard and his counsel, and the Court having reviewed the papers submitted in support of the Company's application, and the Court having further heard the arguments of counsel; and

It appearing to the Court that the Company and Pollard are parties to an Employment Agreement under which Pollard's resignation without "cause" requires him to provide 60 days' notice before he separates from the Company; and

It further appearing to the Court that, although Pollard maintains that he resigned with "cause", the Company has demonstrated that there is a probability of success on the merits that it will prove that Pollard's resignation was without "cause"; and

It further appearing to the Court that Pollard, who earned substantial income working for the Company since September 2014, will not suffer harm by complying with the 60 day notice period through and including at least April 20, 2018; and

It further appearing to the Court that the Company has demonstrated that Pollard

forwarded confidential, proprietary business information ("Protected Company Information") from his Company email account to personal email accounts and personal electronic devices belonging to himself and his wife ("Personal Accounts and Devices") and conducted business with Company customers and suppliers from the Personal Accounts and Devices rather than the Company network ("Customer/Supplier Communications"); and

It further appearing to the Court that the Company has **demonstrated a probability of success on the merits** that it will prove that Pollard has misappropriated its Protected Company Information and wrongfully utilized it to conduct impermissible Customer/Supplier Communications and, therefore, that it is entitled to an Order from this Court directing that a forensic professional engaged by the Company, using industry best practices, is to have immediate access to the Personal Accounts and Devices in order to provide the Company with copies of any of its Protected Company Information and Customer/Supplier Communications; and

It further appearing to the Court that Pollard will not suffer harm by permitting a forensic professional engaged by the Company, using industry best practices, to have immediate access to the Personal Accounts and Devices in order to provide the Company with copies of any of its Protected Company Information and Customer/Supplier Communications; and

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

I.    Pollard shall show cause before this Court on the ___ day of _____ 2018 at _____ .m. why a preliminary injunction should not issue in favor of the Company in the form of an Order that provides that

A.    Pollard is enjoined from communicating with the Company's customers and suppliers after April 20, 2018, through and including a date to be determined by the Court,

because Pollard violated his contractual and common law duties to the Company by doing business with the Company's customers and suppliers or otherwise conducting himself inconsistently with his obligations as an officer or employee of the Company while in the Company's employ.

      B.    The forensic professional engaged by the Company, using industry best practices, is to (1) remove from the Personal Accounts and Devices all Protected Company Information, Customer/Supplier Communications, and any other Company business information that the Court deems protectable, (2) ensure that no copies of the information referenced in subparagraph I(B)(1) remains in Pollard's possession, custody, or control, and (3) return to the Company, to the extent not already done so, the information referenced in subparagraph I(B)(1).

    II.    Pending the preliminary injunction hearing, the Court restrains Pollard as indicated in subparagraphs A through F immediately below.

      A.    Pollard shall refrain from deleting, modifying, or taking any other action that might delete or alter any document, data, or information, including but not limited to any email, text message, Instant Message, or any other document or communication sent from, received by, or stored on or in (1) the Personal Accounts and Devices, (2) any other email, social media, or other account or personal electronic device by anyone else on behalf of Pollard, or (3) the Apple iCloud account set up by the Company that is connected to the Company-issued iPad and iPhone Pollard returned to the Company on factory settings.

      B.    Pollard shall take all steps necessary to ensure the preservation and safekeeping of any document, data, or information, including but not limited to any email, text message, Instant Message, or any other document or communication sent from, received by, or stored on or in (1) the Personal Accounts and Devices, (2) any other email, social media, or other

account or personal electronic device by anyone else on behalf of Pollard, or (3) the above-referenced Apple iCloud account.

        C.     Pollard will provide immediate access to a forensic professional engaged by the Company, using industry best practices, to conduct a forensic examination of the Personal Devices and Accounts to search for and provide the Company with copies of any of its Protected Company Information and Customer/Supplier Communications.

        D.     Pollard will immediately provide to the forensic professional engaged by the Company both consent and log in credentials for the above-referenced Apple iCloud account, thereby enabling the forensic professional, using industry best practices, to access and provide the Company with copies of such content as exists on or in that iCloud account.

        E.     Pollard shall refrain from communicating with the Company's customers and suppliers through and including April 20, 2018 or such later date as the Court may establish upon further application by the Company.

        F.     In the event a Company customer or supplier contacts or attempts to contact Pollard, Pollard shall inform his counsel and Pollard's counsel shall immediately report to Company counsel the identity of the customer or the supplier, the contact information of the person(s) associated with that customer or supplier who contacted or attempted to contact Pollard, and the circumstances of the contact or attempted contact.

    III.     In preparation for the preliminary injunction hearing scheduled herein, the parties shall proceed as set forth in subparagraphs A through F immediately below.

        A.     The Company shall serve a true but uncertified copy of the Complaint and the papers filed by the Company, together with a copy of this Order to Show Cause with Temporary Restraints, upon Pollard by transmitting copies of such pleadings and papers to

Pollard's counsel, Peter Herrigel, at his office in Montclair, New Jersey by both express mail, overnight delivery, and electronic mail.

      B.    Pollard shall file and serve his Answer to the Complaint on or before April ___, 2018.

      C.    Pollard shall serve and file his opposition papers to this application for preliminary injunctive relief no later than April __, 2018.

      D.    The Company shall serve and file its reply papers in support of this application for preliminary injunctive relief no later than April __, 2018.

      E.    The Company and Pollard shall have the right to conduct expedited discovery by serving document requests and interrogatories (upon one another as well as non-parties) and taking depositions (of both parties and non-parties), with responses to document requests and interrogatories to be served within 10 days of receipt and depositions to be held on 7 days' notice.

      F.    In the event the Company determines that it should amend the relief it seeks on the return date for the preliminary injunction, based upon information learned during expedited discovery or otherwise after this Order to Show Cause issues, it shall file and serve an Amended Order to Show Cause in which it provides notice to Pollard of any additional relief sought no later than ___ days prior to the return date on the preliminary injunction application.

_____    _____
Dated       United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of his filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Additionally, on April 6, 2018, a copy of the foregoing was served by email and Federal Express (Monday morning delivery) to the following attorney for Defendant Alan Pollard:

>Peter J. Herrigel, Esq.
>Herrigel & Herrigel
>Hillside Square
>8 Hillside Avenue, Suite 105
>Montclair, NJ  07042
>
>Email:  pjh@herrigellaw.com

>/s/ Stephen P. Rosenberg
>Stephen P. Rosenberg (CT26601)